CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
July 31, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL MCMAHON<br>                                *Defendant.* | CASE NO. 3:19-cr-14<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

Defendant Daniel McMahon requests early termination of his three-year term of supervised release. Dkt. 77. In 2020, he pleaded guilty to two counts: Bias-Motived Interference with a Candidate for Elective Office and Cyberstalking. Dkt. 43. He was sentenced to 41 months of imprisonment and three years of supervised release. Dkt. 68.

The Court's statutory authority to terminate a defendant's term a supervised release before its expiration states as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) … terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

 18 U.S.C. § 3583(e)(1). In the "typical case," this statute provides for "a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release," while the "interest of justice" language gives the Court "latitude to consider a broad range of factors in addition to an individual's behavior" in making this determination. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999).

Defendant's crimes of conviction involve the misuse of internet communications to stalk

and threaten victims. Dkt. 72 at 6–8 (Presentence Investigation Report). His terms of supervised release include a ban on the use of computers and other internet-capable devices without prior approval from the Court, in consultation with the supervising probation officer. Dkt. 68 at 5.

The Court finds that over one year has passed since Defendant's release from incarceration. The Court commends Defendant's performance on supervision thus far, and notes his argument that access to computers is necessary for most employment and education. Nevertheless, given Defendant's crimes of conviction and the relevant § 3553(a) factors, particularly the need to protect the public, the Court concludes that continued supervised release is appropriate and in the interest of justice.

Defendant's Motion for Early Termination of Supervised Release, Dkt. 77, is therefore **DENIED**.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

Entered this  31st  day of July, 2024.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE