CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

January 28, 2025

LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:19-cr-14 |
| v. | ORDER |
| DANIEL MCMAHON | |
| *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Daniel McMahon has moved for relief from the condition of his supervised release that prohibits him from using the internet without express permission of the Court. *See* Dkt. 68 at 5 (Judgment); Dkt. 80 (motion); Dkt. 82 (supplement). For the reasons that follow, the Court **GRANTS** Defendant's motion.

The Court's statutory authority to modify a defendant's term a supervised release is provided as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) … modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

18 U.S.C. § 3583(e)(2). Setting the initial terms of supervision requires the Court to determine whether a condition is (1) reasonably related to the nature and circumstances of the offense and characteristics of the defendant, (2) affords adequate deterrence of criminal conduct, (3) protects the public from the crimes of the defendant and (4) provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

Defendant's crimes of conviction involved the misuse of internet communications to stalk and threaten victims. Dkt. 72 at 6–8 (Presentence Investigation Report). His terms of supervised release include a ban on the use of computers and other internet-capable devices without prior approval from the Court, in consultation with the supervising probation officer. Dkt. 68 at 5.

The Court finds that, under the sentencing and modification factors identified above, removing the internet ban is in the interest of justice. Defendant has shown that he has been on good behavior for the duration of his supervision, and he argues persuasively that the internet ban is preventing him from obtaining employment. He has attached no less than 23 documents showing his persistent attempts to secure employment, some of which attempts failed due to his inability to use the internet. The Supreme Court has recognized that the internet can afford individuals convicted of crimes "legitimate benefits from these means for access to the world of ideas, in particular if they seek to reform and to pursue lawful and rewarding lives." *Packingham v. North Carolina*, 582 U.S. 98, 108 (2017); *see also United States v. Perazza-Mercado*, 553 F.3d 65, 71 (1st Cir. 2009) (observing that conditions that stand in the way of rehabilitation are antithetical to the purposes of sentencing and supervised release). Here, the Court finds that the internet ban is standing in the way of Defendant's rehabilitation. Furthermore, the United States Probation Officer consents to removal of the condition, agreeing that it hinders Defendant's effort to secure employment and develop a healthy relationship with internet use during his remaining months of supervision.

Defendant's motion, Dkt. 80, is therefore **GRANTED**. The special condition of supervision imposed upon Defendant prohibiting his use of internet devices is hereby

**REVOKED**. *See* Dkt. 68 at 5, ¶7.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

Entered this 28th day of January, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE